UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAUL DAVENPORT,<br><br>        Plaintiff,<br><br>        v.<br><br>BOARD OF TRUSTEES OF THE STATE<br>CENTER COMMUNITY COLLEGE<br>DISTRICT,<br><br>        Defendant. | 1:07-cv-00494 OWW SMS<br><br>ORDER ON DEFENDANT'S MOTION<br>TO DISMISS PLAINTIFF'S FIRST<br>AMENDED COMPLAINT PURSUANT<br>TO FED. R. CIV. P. 12(b)(6)<br>OR, IN THE ALTERNATIVE,<br>MOTION TO STRIKE PURSUANT TO<br>FED. R. CIV. P. 12(f) (DOC.<br>44) AND MOTION FOR SANCTIONS<br>(DOC. 48) |

## I. __INTRODUCTION__.

Plaintiff David Paul Davenport ("Davenport") brings this *pro se* action under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-3(a), based on a claim of unlawful retaliation by his former employer, Defendant State Center Community College District ("District").  In his First Amended Complaint ("FAC"), Davenport alleges the District suspended him in May 2002 and fired him in January 2003 in retaliation for a sexual harassment and discrimination complaint he submitted to the District against his supervisor, Dr. Margaret E. Mericle. Plaintiff also asserts the District has engaged more recently in post-employment retaliation by interfering with his prospective

1

employment.

Before the court for decision are: 1) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, Motion to Strike Pursuant to Fed. R. Civ. P. 12(f), and 2) Defendant's Motion for Sanctions.  Defendant seeks dismissal for failure to state a claim upon which relief may be granted on grounds that the Title VII retaliation claim and allegations made in the FAC do not materially differ from those made in Plaintiff's original complaint, which was dismissed with leave to amend on January 17, 2008.  (Doc. 36.)  Accordingly, Defendant seeks dismissal on the following grounds: 1) any claim for retaliation based on alleged acts prior to and including the date of the Board of Trustees' decision to terminate Plaintiff, which was January 7, 2003, is barred because Plaintiff did not submit his claim to the Equal Employment Opportunity Commission ("EEOC") within the Title VII filing limitations period as required by 42 U.S.C. § 2000e-5(e)(1), and 2) any claim for retaliation based on recent alleged acts in November and December of 2006 is barred because Plaintiff has failed to first exhaust his administrative remedies as required by 42 U.S.C. § 2000e-5(e)(1).  In the alternative, Defendant seeks to strike portions of the FAC on grounds that it contains redundant, immaterial, impertinent, and scandalous allegations that have no bearing on Plaintiff's retaliation claim.

Defendant moves for sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the district court's inherent authority on the grounds that Plaintiff's FAC is

frivolous, was filed for an improper purpose, and was filed in bad faith.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

**A.    Summary of the First Amended Complaint.**

Plaintiff alleges he was suspended and later fired from his position as a tenured history instructor at Fresno City College by the District's Board of Trustees in retaliation for making an accusation of discrimination and sexual harassment against his supervisor, Dr. Margaret Mericle.  He asserts that in doing so, the District violated Title VII of the Civil Rights Act of 1964. Plaintiff seeks relief in the form of reinstatement, lost wages and expenses, out-of-pocket medical and dental expenses, and STRS contributions.  (FAC at 27.)  He also requests damages in the amount of $1.5 million.  (*Id.*)  Plaintiff's FAC contains a long list of allegations of allegedly improper and unlawful conduct by the District, which Plaintiff asserts are all separate instances of retaliation against him by the District.

Plaintiff's FAC is twenty-seven pages long with one-hundred and twenty-one pages of attachments, the latter comprised of thirty-one exhibits.  It begins with five pages of argument in which he attempts to demonstrate that certain conclusions reached in the January 17, 2008 order are without merit.  Specifically, the Plaintiff states that in the order "two reasons for possibly dismissing Plaintiff's suit are set forth in a lengthy footnote. These are 1) that the Board of Trustees of the State Center Community College, a state agency, possess immunity, a defense not made by the Defendants in their 'Motion to Dismiss...', and 2) that a two-year statute of limitations beginning in January

3

2003 bars Plaintiff's suit."  (Doc. 40, FAC at 3.)  Plaintiff's original complaint was not dismissed on these grounds, but the decision addressed what appeared to be an attempt by Plaintiff to assert a 42 U.S.C. § 1983 claim against the District in a footnote on page 2 of his original complaint.

### 1)   Allegations of Retaliation

In his FAC, Plaintiff's main allegation is that he was fired in retaliation for a sexual harassment and discrimination complaint he filed against his supervisor.  Plaintiff explains that he wrote a sexual harassment and discrimination complaint against Dr. Mericle and delivered it to her supervisor, Tony Cantu, on March 19, 2002.  Six weeks later, on May 6, 2002, Plaintiff was placed on administrative leave by Randy Rowe, the District's assistant vice chancellor for human resources, who cited misconduct allegations against Plaintiff as the reason for this administrative action.  Plaintiff asserts that no allegations of misconduct against him existed and that any such allegations were entirely fabricated.  On January 7, 2003, the District's Board voted to terminate Plaintiff's employment.

Plaintiff alleges that various other actions by the District prior to January 7, 2003 constituted retaliatory conduct separate and apart from his termination.  He asserts that his suspension from duty on May 6, 2002 was an act of retaliation as was the denial of compensation of approximately $3000 he was to receive for a summer school class he was scheduled to teach before his suspension took place.  (FAC at 11.)  Further, Plaintiff contends Mr. Rowe engaged in an act of retaliation when he withheld documents that he was contractually obligated to "promptly"

provide Plaintiff until November 8, 2002. Specifically,
Plaintiff states:

> After May 6, 2002, the Defendant's and their agents, in particular Mr. Randy Rowe and General Counsel Eileen O'Hare, retaliated many hundreds of times or many thousands of times depending on how one wants to conduct the count. It is an incontrovertible fact that Mr. Rowe withheld from the Plaintiff approximately 100 pages of documents that he was contractually obligated to "promptly" provide to Plaintiff. These should have been given to the Plaintiff no later than May 6, 2002, but none were, prior to November 8, 2002, when the Plaintiff was notified by mail that "the State Center Community College District "intends to recommend that you be dismissed from your employment with the District" (Exhibit 13). Enclosed with this mailing were many of the documents subsequently entered into evidence by the Defendants at Plaintiff's administrative hearing. As such it is Plaintiff's contention that each day that one of these documents was withheld from the Plaintiff from the day on which it was created until November 8, 2002, at the earliest constitutes a discrete act of retaliation. The Defendants are, therefore, guilty of literally thousands of instances of breach of contract in furtherance of their illegal dismissal of the Plaintiff.

(FAC at 12.)

Plaintiff further complains that Mr. Rowe retaliated against him by concocting allegations of misconduct by Plaintiff. Mr. Rowe notified Plaintiff of the allegations in a letter in which he wrote, "I have learned of very serious allegations of misconduct against you, including possible sexual harassment." (FAC, Exhibit 14 at 63.) Plaintiff asserts no such allegations existed and that he and his union representative, Mr. Zwi Reznik, requested that Mr. Rowe specifically identify the allegations as required by the operative collective bargaining agreement. Plaintiff alleges that when Mr. Rowe did not identify the allegations, he and Mr. Reznik attempted to file a grievance against Mr. Rowe under the collective bargaining agreement but

Mr. Rowe, who Plaintiff asserts is the individual responsible for assigning grievance numbers, refused to process the grievance form.  Plaintiff asserts this is a separate act of retaliation. Plaintiff claims:

> This breach of contract is yet another act of retaliation by the Defendants. Shall each day that Mr. Rowe failed to assign a Grievance Number count as an act of retaliation? If so, that took place on Monday May 13, 2002, and today in Tuesday, March 11, 2008. That's 2,130 acts of retaliation, given that the Ninth Circuit Court has defined retaliation as "any adverse employment action reasonably likely to deter employees from engaging in protected activity."  *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).  Only GOD knows how many of my fellow faculty at Fresno City College have been deterred from reporting questionable behavior by Dr. Mericle, Mr. Rowe, and others as a result of the illegal and unpunished behavior of the Defendants.

(FAC at 13-14.)

Plaintiff also contends that the investigation of the accusations against him, which took place after he was placed on leave, was improper because no written complaint existed as required by the collective bargaining agreement before an investigation is initiated.  Further, Plaintiff complains that he was denied his right to respond to the investigative report.  As such, Plaintiff alleges the investigation was a separate instance of retaliation.  He further asserts that the District's actions violated various policies of the Board of Trustees and provisions of the California Education Code in contravention of his employment contract.

After he was fired, Plaintiff alleges the District continued to retaliate against him.  Plaintiff claims he was denied a substitute teaching credential because the District "sabotaged Plaintiff's effort to be a substitute teacher by sending a copy

**6**

of the unsubstantiated accusations by fax to the California Commission on Teacher Credentialing in December, 2006." (FAC at 18.) Plaintiff also claims the fact that he was denied a position at San Joaquin Memorial High School is "yet another 'adverse employment action' by the Defendants." (*Id.*)

### 2) Filing Charges With DFEH and EEOC

Plaintiff alleges that he contacted the California Department of Fair Employment and Housing ("DFEH") in early October 2002 to make a Title VII retaliation complaint against the District. (FAC at 8.) Plaintiff attaches as Exhibit 1 a letter from the DFEH to Plaintiff notifying him of an appointment scheduled for November 19, 2002 for an interview at DFEH's Fresno office and enclosing a pre-complaint questionnaire for Plaintiff to complete. (FAC, Exhibit 1.) He attended this interview on November 19, at which he met with DFEH employee Rafael Gonzalez. Plaintiff asserts that he gave Mr. Gonzalez the pre-complaint questionnaire and answered a number of questions asked by Mr. Gonzalez. (FAC at 8.)

Plaintiff asserts he later received a letter from DFEH, dated November 25, 2002 and signed by Mr. Gonzalez, containing two enclosures, a "Notice of Discrimination Complaint Accepted for Filing Purposes" and a partially completed "Complaint of Discrimination." (FAC, Exhibits 3 & 4.) The November 25 DFEH letter reads in part:

> I apologize for taking longer than expected in getting
> back to you regarding your wish to file a complaint
> with this agency...Therefore, based on this
> Consultant's review of your situation and a review of
> the documentation provided, a complaint for

**7**

> investigation will not be taken on your behalf. As I
> indicated to you, I will be including in this letter a
> 'B' complaint for filing purposes, which will be served
> on the Respondent once you provide the form back. You
> will also be issued the 'Right to Sue' shortly
> thereafter, which will authorize you to file a private
> law suit on your own behalf if you so desire.

(FAC, Exhibit 3.) Exhibit 4 is the notice enclosed with the

letter. At the top of the page it reads, "DISCRIMINATION

COMPLAINT ACCEPTED FOR FILING PURPOSES," in text that is

underlined, bolded, and capitalized. The notice also states:

> Your allegation of discrimination against Fresno City
> College has been considered. The Department of Fair
> Employment and Housing will file your complaint.
> Analysis of the facts and circumstances which you
> allege indicates that further investigation is not
> warranted. As the Department has determined that it
> will not be issuing an accusation of discrimination,
> you will be advised by mail of your right to file a
> private lawsuit.

(FAC, Exhibit 4.) Plaintiff maintains he completed the complaint

form included with the letter and notice and returned it by mail

on November 30, 2002.[1] (FAC, Exhibit 5.) Exhibit 5 reveals a

completed DFEH complaint form, signed by Plaintiff and dated

November 30, 2002. The form does not show a date of receipt or

receipt stamp and the "Date Filed" line is blank.

Plaintiff claims he contacted DFEH multiple times after he

returned the complaint form, writing several letters to Mr.

Gonzalez and making several phone calls that went unreturned.

(FAC at 9-10; Exhibit 7.) Plaintiff did not hear anything from

the agency until he contacted Geraldine Reyes, District

Administrator of DFEH, who sent him a notice of case closure and

right-to-sue letter dated August 17, 2006. (FAC, Exhibit 8.)

---

[1] Plaintiff submits two affidavits in support of this
allegation. They are addressed below in section IV(A)(2)(b).

After receiving the DFEH right-to-sue letter, Plaintiff alleges he filed a charge with the EEOC after meeting with EEOC employee Naomi Villa on November 17, 2006. The EEOC issued him a right-to-sue notice on December 29, 2006. (FAC, Exhibit 11.)

**B.    Administrative Hearing and Appeals to State Courts.**

Plaintiff submitted a notice of opposition to the District's decision to terminate his employment within 30 days of the decision. He then submitted the matter to an arbitrator who declined to hear it because the collective bargaining agreement did not grant him review authority. In September 2003, an administrative hearing was held and in a later issued decision an administrative law judge sustained the District's decision to dismiss Plaintiff. Plaintiff subsequently petitioned the Superior Court of California, County of Fresno, for a writ of mandamus, which was denied. Plaintiff appealed this denial to the Fifth District Court of Appeal, which affirmed the judgment of the Superior Court. Finally, Plaintiff petitioned the California Supreme Court for review. Review was denied.

**C.    Procedural History.**

Plaintiff filed his complaint on March 29, 2007 and attached the December 29, 2006 right-to-sue notice he received from the EEOC. (Doc. 1.) Defendant filed its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) on June 22, 2007. (Doc. 14.) Plaintiff responded by filing "Plaintiff's Response to Defendant's Motion

to Dismiss and to Defendant's Memo. of P & A" on July 25, 2007, in which he opposed Defendant's motion. (Doc. 17.) Plaintiff attached various letters to his response, including correspondence between him and Mr. Rowe, a page of the administrative hearing transcript, and a page of the Fifth District Court of Appeal's opinion. (*Id.*) Defendant filed a reply on August 20, 2007, along with a request for judicial notice of four documents, which was granted: the discrimination complaint Plaintiff filed with DFEH and the corresponding letters from DFEH to Plaintiff and the District closing the case; the administrative law judge's decision; the Fresno County Superior Court's decision; and the California Fifth District Court of Appeal's opinion. (Docs. 19 and 20.)

On August 24, 2007, Plaintiff filed "Plaintiff's Response to Defendant's Request for Judicial Notice," attaching his own request for judicial notice of various documents, including correspondence Plaintiff had with DFEH and EEOC staff and complaint questionnaires he alleges he completed when he filed his complaints with these agencies. (Doc. 25.) Defendant filed its objection and request to strike Plaintiff's request for judicial notice on September 19, arguing Plaintiff's submission violated Local Rule 78-230 and the documents he submitted were not proper subjects of judicial notice because their accuracy was reasonably questioned by Defendant under Fed. R. Evid. 201(b). (Doc. 26.) On October 15, Plaintiff filed "Plaintiff's Request for Sanctions Against Opposing Counsel and Response to Defendant's Objection and Request to Strike Plaintiff's Request for Judicial Notice." (Doc. 29.)

On March 12, 2008, Plaintiff filed his First Amended Complaint, attaching letters and other documents from and to the DFEH, pre-complaint questionnaires from DFEH and EEOC, the bargaining agreement between the District and the teachers' union, and correspondence from Mr. Rowe, among other items. (Doc. 40.)  Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) on April 23, 2008.  (Doc. 44.)  Defendant filed its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 on May 14, 2008. (Doc. 48.)  Plaintiff filed his opposition to both motions in Plaintiff's Response to the Defendant's Response to Plaintiff's Amended Complaint and Defendant's Motions to Dismiss and to Impose Sanctions on May 23, 2008.  (Doc. 52.)  On June 16, 2008, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss First Amended Complaint and Motion for Sanctions.  (Doc. 53.)

At the hearing on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, held on June 23, 2008, Plaintiff presented a letter signed by Rafael Gonzalez, affirming that as a DFEH consultant, Mr. Gonzalez wrote a letter dated November 25, 2002 to Plaintiff and enclosed with it form DFEH-100-10, also dated November 25, 2002 and captioned "Notice of Discrimination Complaint Accepted for Filing Purposes."  The court directed Plaintiff to file and serve the letter, which Plaintiff did on June 24, 2008.  (Doc. 55.)  Defendant filed an objection to the letter on June 26, arguing it is not a proper subject of judicial notice and does not support Plaintiff's contention that he filed

his DFEH complaint in November 2002.  (Doc. 56.)  On July 3, 2008, Plaintiff filed an affidavit from Steve Richardson, in which Richardson attests that he witnessed Plaintiff complete and sign a DFEH complaint form and mail it to Mr. Gonzalez on November 30, 2002.  (Doc. 57.)  Defendant filed an objection to the Richardson letter, arguing it is not a proper subject of judicial notice and its submission by Plaintiff after the hearing is both untimely and unfair.  (Doc. 58.)  Plaintiff filed a response to Defendant's objections on July 22, 2008.  (Doc. 59.)  The affidavits and Defendant's objections to them are addressed below.

### III. <u>LEGAL STANDARD</u>.

A.      <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, it is required to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim).  Dismissal

is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In deciding a motion to dismiss, the court accepts as true all material factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002).

The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, *see Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."). Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988. Thus when ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the

13

complaint when authenticity is not contested, and matters of which the court may take judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988).

*Pro se* complaints are held to less stringent standards than formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court must construe a *pro se* plaintiff's "inartful pleading" liberally in determining whether a claim has been stated, including *pro se* motions as well as complaints. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This is especially true when a plaintiff appears *pro se* in a civil rights case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). While a *pro se* litigant must follow the same rules of procedure that govern other litigants, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.*" Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988).

**B.    Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)**.

Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matter" may be stricken from any pleading. Fed. R. Civ. P. 12(f). A motion to strike is limited to pleadings. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are disfavored and infrequently granted. *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D. Cal. 1990), *abrogated on other grounds by Stanton Road Assocs. v. Lohrey*

*Enters.*, 984 F.2d 1015 (9th Cir. 1993). Such motions should be granted only where it can be shown that none of the evidence in support of the allegation is admissible. *Spectrolab,* 744 F.Supp. at 947.

## C. Motion for Sanctions.

### 1. Sanctions Pursuant to Fed. R. Civ. P. 11.

Federal Rule of Civil Procedure 11 ("Rule 11") gives the court authority to issue sanctions against an attorney or unrepresented party who signs a "pleading, written motion, [or] other paper" that is brought for any improper purpose or is not well grounded in fact, warranted by existing law, or made in good faith. *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). Rule 11 addresses the problems of frivolous filings and misuse of judicial procedures as a tool for harassment. *Stewart v. American International Oil & Gas Co.,* 845 F.2d 196, 201 (9th Cir. 1988); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir. 1986). It imposes an affirmative duty on a party or counsel to investigate the law and facts before filing. *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir. 1987).

An objective standard of reasonableness governs both the "improper purpose" and "frivolous" inquiries under Rule 11. *G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1109 (9th Cir. 2003). An improper purpose is one to harass or cause unnecessary delay or needless increase in the cost of litigation. *Id.* at 1110. A complaint is frivolous if it is both baseless and

made without a reasonable and competent inquiry. *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir. 1990).

*Pro se* litigants are subject to Rule 11 sanctions and their filings are judged by an objective standard. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). The court must take into account a plaintiff's *pro se* status when it determines whether a filing was reasonable. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994); *Business Guides*, 892 F.2d at 811 ("what is objectively reasonable for a pro se litigant and for an attorney may not be the same").

2.   Sanctions Pursuant to 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides: "Any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Management Co.,* 78 F.3d 431, 435 (9th Cir. 1996). For sanctions to apply under section 1927, the court must make a determination of recklessness. *See Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001) ("[R]ecklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power."); *see B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1107 (9th Cir. 2002). Section 1927 sanctions do not apply to litigants who are not attorneys. *Primus Auto. Fin. Services, Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir. 1997).

3.   Sanctions Pursuant to the Court's Inherent Authority.

16

A sanction imposed under the court's inherent power requires a specific finding of bad faith. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980); *Primus,* 115 F.3d at 648; *Yagman v. Republic Ins.,* 987 F.2d 622, 628 (9th Cir. 1993) ("[c]ourts may not invoke [inherent sanction] powers without a specific finding of bad faith") (internal quotation marks and citations omitted); *Zambrano v. City of Tustin,* 885 F.2d 1473, 1478 (9th Cir. 1989) ("To insure that restraint is properly exercised, we have routinely insisted upon a finding of bad faith before sanctions may be imposed under the court's inherent power."). Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides,* the assertion of a colorable claim will not bar the assessment of attorney's fees." *Mark Industries, Ltd. v. Sea Captain's Choice, Inc.,* 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted). Under the court's inherent authority, sanctions may be imposed on an attorney or a party to the suit. *See Fink*, 239 F.3d at 991-92.

## IV. DISCUSSION.

**A. Defendant's Motion to Dismiss Plaintiff's Title VII Retaliation Claim.**

**1. Legal Framework for Title VII Retaliation Claims.**

Title VII provides that it shall be an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin."  42
U.S.C. § 2000e-2(a)(1).  The employer is also prohibited from
retaliating against an employee for opposing an unlawful
employment practice or making a charge in an employment
discrimination investigation or proceeding.  *Lam v. Univ. of
Hawaii*, 40 F.3d 1551, 1558-59 (9th Cir. 1994).  The
antiretaliation provision of Title VII states:

> It shall be an unlawful employment practice for an
> employer to discriminate against any of his employees
> or applicants for employment, for an employment agency,
> or joint labor-management committee controlling
> apprenticeship or other training or retraining,
> including on-the-job training programs, to discriminate
> against any individual, or for a labor organization to
> discriminate against any member thereof or applicant
> for membership, because he has opposed any practice
> made an unlawful employment practice by this
> subchapter, or because he has made a charge, testified,
> assisted, or participated in any manner in an
> investigation, proceeding, or hearing under this
> subchapter.

42 U.S.C. § 2000e-3(a).  Sexual harassment is a type of sex
discrimination prohibited by Title VII.  *Meritor Savings Bank,
FSB v. Vinson*, 477 U.S. 57, 63-67 (1986).  Accordingly, an
employer's retaliatory conduct in response to an employee's
complaint of sexual harassment, a protected activity, is
actionable under Title VII's antiretaliation provision.  *See
Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir.
2004); *Garcia v. Los Banos Unified School Dist.*, 418 F.Supp.2d
1194, 1224 (E.D. Cal. 2006).

     A precondition to suit under Title VII is that
a plaintiff must first exhaust the administrative remedies
available under 42 U.S.C. § 2000e-5.  *See Karim-Panahi v. L.A.
Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).  Under the

statute, a plaintiff must initially file a timely charge with the EEOC and, if dismissed, receive a right-to-sue letter from the agency and then file any related court action within 90 days of receipt of the letter. *Id.*; 42 U.S.C. § 2000e-5(f)(1).

Title VII mandates that claims be filed with the EEOC within 300 days of the alleged discriminatory act(s) if the state in which the discriminatory act occurred has a state agency that deals with such matters and the complainant has instituted proceedings with that agency, or within 30 days of receiving notice that the state agency has terminated its proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1). If no state agency exists, the time limit is 180 days. *Id*. The United States Supreme Court has explained:

> An individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). If not filed within these time limits, a claim is "time barred." *Id*.

In California, a plaintiff who first files charges with the California Department of Fair Employment and Housing ("DFEH") must file the charge with the EEOC within 300 days of the alleged unlawful practice. *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute

of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Such doctrines are to be applied sparingly. *Nat'l R.R.*, 536 U.S. at 113-14.

## 2. Acts Prior to and Including Termination.

Plaintiff alleges that, by placing him on administrative leave and later firing him, the District retaliated against him because he filed a complaint accusing his supervisor, Dr. Mericle, of discrimination and sexual harassment. Defendant argues Plaintiff's FAC does not materially differ from his original complaint and fails to make any new allegations that demonstrate Plaintiff timely filed his EEOC complaint. Plaintiff's main argument in response is that he filed a DFEH claim in November 2002 and that the EEOC filing period was tolled while he awaited DFEH's determination of his claim, which he received in August 2006 in the form of a letter from DFEH informing him of his right-to-sue and that his case had been closed. (FAC, Exhibit 8.) Defendant refutes Plaintiff's contention that he filed his DFEH claim in November 2002, citing a copy of Plaintiff's DFEH charge form that is date-stamped as received by DFEH on June 2, 2006 and of which judicial notice was taken in the January 17 order.

In addition to evaluating Plaintiff's contention that equitable tolling applies, because Plaintiff is *pro se* and his FAC must be liberally construed, two other possible bases for Plaintiff to meet Title VII's timely filing requirement are considered: 1) Plaintiff's actual filing of a discrimination

charge form with the EEOC in 2006, and 2) whether the charge Plaintiff filed with the DFEH can be characterized as a constructive filing of an EEOC charge.

### a. Actual Filing of EEOC Complaint in 2006

In his original complaint, Plaintiff alleged he submitted a charge of discrimination to the EEOC in 2006 and was issued a right-to-sue letter from the EEOC on December 29, 2006. Plaintiff attached the right-to-sue letter to his original complaint. (Doc. 1.) In new allegations in his FAC, Plaintiff asserts that he filled out and submitted EEOC's pre-complaint questionnaire in person on September 5, 2006. He attaches a copy of the questionnaire as Exhibit 9, which is date-stamped as received by the EEOC on September 5, 2006. (FAC, Exhibit 9.) Plaintiff asserts that he then met with EEOC investigator Naomi Villa on November 17 to sign a statement she prepared, a form titled "Charge of Discrimination" which is attached as Exhibit 10. The EEOC sent Plaintiff a notice dated December 11, 2006 acknowledging receipt of his discrimination charge. (FAC, Exhibit 10.) In addition, Plaintiff attaches as Exhibit 11 the same right-to-sue letter from the EEOC dated December 29, 2006 that he attached to his original complaint.

Despite Plaintiff's actual filing of his EEOC charge, none of these new specifics materially alter the allegations Plaintiff previously made or cure the deficiencies cited in the January 17, 2008 order dismissing Plaintiff's retaliation claim because he did not file a timely charge with the EEOC. While in his opposition to Defendant's original motion to dismiss Plaintiff claimed he filed his EEOC charge on September 5, 2006, the facts

alleged in the FAC now show it was actually filed November 17. Either way, the alleged retaliation by the District on May 6, 2002, the day Plaintiff was suspended, or January 7, 2003, the day he was terminated, did not occur within 300 days of Plaintiff's filing of his EEOC charge. These purportedly unlawful actions providing the basis for Plaintiff's claims took place well outside of the Title VII filing limitations period, which requires a claimant to file a charge with the EEOC within 300 days if he or she initially filed a grievance with DFEH as Plaintiff did here. *See Nat'l R.R.*, 536 U.S. at 109; *Santa Maria*, 202 F.3d at 1176; 42 U.S.C. § 2000e-5(e)(1). Plaintiff's actual filing of his charge with the EEOC in 2006 is therefore untimely. In fact, it is untimely by a number of years. As the January 17 order states:

> But these alleged retaliatory acts took place more than four years and three years prior to the date he filed his EEOC complaint, respectively. On the face of the complaint, Plaintiff's own allegations show he missed the EEOC filing period by three years. This is supported by the EEOC's own reasoning for issuing the dismissal and right-to-sue notice Plaintiff received from the agency dated December 29, 2006, which he attaches to his complaint: "[y]our charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

(Doc. 36.)

b. <u>Application of Constructive Filing Doctrine</u>.

Although Plaintiff disputes the existence of a worksharing agreement between the DFEH and the EEOC, a review of the caselaw reveals that the two agencies have in fact entered into such an agreement.

Title VII authorizes the EEOC to enter into "worksharing"

22

agreements with state and local fair employment practice ("FEP") agencies to "establish effective and integrated resolution procedures." 42 U.S.C. § 2000e-8(b); 29 C.F.R. § 1601.13(c). The DFEH is a designated FEP agency under Title VII and has entered into a worksharing agreement with the EEOC. 29 C.F.R. § 1601.74; *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989). The Ninth Circuit has held that, under this worksharing agreement, a charge filed with the DFEH is deemed constructively filed with the EEOC because the EEOC and DFEH cross-designate the other as its agent for the purpose of receiving charges. *Equal Employment Opportunity Commission v. Dinuba Medical Clinic*, 222 F.3d 580, 585 (9th Cir. 2000) ("Constructive filing is made possible by 'worksharing agreements,' which designate the EEOC and the state agency each other's agents for the purpose of receiving charges."); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999) ("[A] charge filed with the state agency before the 300-day filing deadline expires is deemed automatically filed with the EEOC on that same day."); *Green,* 883 F.2d at 1475-76 (holding that, under EEOC-DFEH worksharing agreement, charge filed with DFEH is deemed to have been filed with the EEOC on the same day); *Paige v. State of Cal.*, 102 F.3d 1035, 1041 (9th Cir. 1996) ("[T]he filing of a charge with one agency is deemed to be a filing with both.") In addition, for purposes of determining whether a charge filed with an FEP agency has been constructively filed with the EEOC, the Ninth Circuit has determined that whether the state agency actually forwarded the charge to the EEOC or whether the EEOC actually received it is irrelevant.

*Laquaglia*, 186 F.3d at 1175; *Dinuba Medical Clinic*, 222 F.3d at 585.

Whether the dual filing doctrine applies to save Plaintiff's claim depends on when Plaintiff filed his DFEH complaint. Plaintiff contends he mailed a completed charge form to DFEH on November 30, 2002, which is approximately 208 days after he was suspended from duty by Defendant. If this allegation is true, Plaintiff's charge would have been filed with DFEH well within the 300-day timely filing period prescribed by Title VII.[2] Under the constructive filing doctrine, the DFEH charge would be deemed filed with the EEOC on the same day, e.g. within approximately 208 days of the alleged retaliatory act,

---

[2] Technically, when a charge is initially filed with a state FEP agency, the state is given a 60-day deferral period in which it has the exclusive right to process the charge "free from premature federal intervention" unless it earlier terminates its proceedings. 42 U.S.C. § 2000e-5(c); *Dinuba Medical Clinic*, 222 F.3d at 585. The effect of this on the 300-day time limit is that "a charge initially filed with a state agency will be treated as constructively filed with the EEOC upon either the expiration of 60 days or the termination of agency proceedings, whichever occurs first." *Id*. A state "terminates" its proceedings if it has waived the 60-day deferral period in its worksharing agreement with the EEOC, allowing a charge filed with a state agency to be deemed filed immediately with the EEOC. *EEOC v. Commercial Office Products Co*., 486 U.S. 107, 125 (1988). The DFEH-EEOC agreement does contain waivers for certain categories of charges. *Green*, 883 F.2d at 1479. But because the DFEH-EEOC worksharing agreement is not before the court, it is unclear whether in the present case the charge is deemed filed immediately because a waiver applies or after 60 days as prescribed by 42 U.S.C. § 2000e-5(c). However, this question is not determinative at this stage. Even if Plaintiff's charge is deemed filed with the EEOC 60 days after it was filed with the DFEH, it would still be considered timely filed as this would add 60 days to the estimated 208 days calculated according to Plaintiff's allegation. At 268 days, this is still within the 300-day time limit.

which would make the charge timely filed for purposes of Title VII's administrative exhaustion requirements.

Defendant rebuts Plaintiff's assertion that he filed his complaint with DFEH in November 2002, arguing that Plaintiff filed his complaint with DFEH on June 2, 2006 and requesting judicial notice of a copy of Plaintiff's DFEH complaint that shows Plaintiff's signature dated November 30, 2002 but also reveals a date-stamp of June 2, 2006 in a box marked "Received Dept. of Fair Employment & Housing Fresno District Office." (Doc. 45, Exhibit A.) Judicial notice was previously taken of this document in the January 17 order pursuant to Fed. R. Evid. 201(b) on the ground that it is an official record of a state administrative agency. *See Interstate Natural Gas Co. v. Southern Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). On the same ground, Defendant's request for judicial notice of this document is granted. Defendant also requests judicial notice of the January 17 order and the docket in this case. Because these are matters of public record, the request for judicial notice is granted. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.")

In the January 17 order, it was determined that the "dual filing" or "constructive filing" doctrine could not save Plaintiff's retaliation claim because the date stamp on this judicially noticed public record established that Plaintiff filed his complaint with DFEH on June 2, 2006, more than 4 years after he was suspended from duty and more than 3 years after he was fired. Under Ninth Circuit authority, because Plaintiff's

allegation as to the date he filed his DFEH complaint contradicted the DFEH public record, it was disregarded. *See Mullis*, 828 F.2d at 1388; *Sprewell*, 266 F.3d at 988-89. However, with the filing of his FAC, Plaintiff attaches new documents and elaborates upon his original allegations with details that are sufficient to call into question the filing date of Plaintiff's DFEH complaint.

Specifically, Plaintiff alleges that he was interviewed by DFEH consultant Rafael Gonzalez on November 19, 2002 and at that time Plaintiff submitted to him a completed DFEH pre-complaint questionnaire. Plaintiff asserts that he then received a letter from DFEH signed by Mr. Gonzalez and dated November 25, 2002 that enclosed a notice and a partially completed complaint form. (FAC, Exhibits 3-5.) Plaintiff alleges that he completed the complaint form and mailed it to DFEH on November 30, 2002. He submits an affidavit from Steve Richardson, who declares he witnessed Plaintiff sign, date, and mail the complaint form addressed to Mr. Gonzalez on November 30, 2002. (Doc. 57.) He also submits an affidavit from Rafael Gonzalez, the former DFEH consultant who worked on Plaintiff's case, attesting that Mr. Gonzalez wrote the November 25, 2002 letter from DFEH to Plaintiff. (Doc. 55.) Defendant objects to both affidavits on the grounds that they are not the proper subject of judicial notice under Fed. R. Evid. 201(b) because they are subject to reasonable dispute and, since they were submitted after the briefing closed, are untimely under the Local Rules. Because the affidavits are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned," they are not proper subjects of judicial notice under Fed. R. Evid. 201(b). Defendant's objection is sustained and the affidavits are disregarded. In addition, as matters outside of the pleadings which cannot be judicially noticed, consideration of the affidavits would convert the instant Fed. R. Civ. P. 12(b)(6) motion to one for summary judgment without providing all parties a reasonable opportunity to present evidence relevant to a Rule 56 motion. *Mack*, 798 F.2d at 1282. This would be improper.

The notice enclosed with the November 25 letter reads, in capitalized, bolded and underlined letters, "DISCRIMINATION COMPLAINT ACCEPTED FOR FILING PURPOSES" at the top of the letter. It further states:

> Your allegation of discrimination against Fresno City College has been considered. The Department of Fair Employment and Housing will file your complaint. Analysis of the facts and circumstances which you allege indicates that further investigation is not warranted. As the Department has determined that it will not be issuing an accusation of discrimination, you will be advised by mail of your right to file a private lawsuit.

(FAC, Exhibit 4.)

The language in the notice, which is dated November 25, 2002, suggests Plaintiff's DFEH complaint was accepted and considered. At the outset of the notice, it states in emphasized lettering "DISCRIMINATION COMPLAINT ACCEPTED FOR FILING PURPOSES" and goes on to tell Plaintiff his discrimination allegation "has been considered." In the next sentence, however, it says DFEH "will file your complaint." This suggests the complaint has not yet been filed because the language is in the future tense.

The accompanying November 25 letter from DFEH is similarly

ambiguous in that it indicates Mr. Gonzalez reviewed Plaintiff's allegations, but also references the complaint in the future tense.  The November 25 letter from DFEH reads in part:

> I apologize for taking longer than expected in getting back to you regarding your wish to file a complaint with this agency...[B]ased on this Consultant's review of your situation and a review of the documentation provided, a complaint for investigation will not be taken on your behalf.  As I indicated to you, I will be including in this letter a "B" complaint for filing purposes, which will be served on the Respondent *once you provide the form back*.  You will also be issued the "Right To Sue" shortly thereafter, which will authorize you to file a private law suit on your own behalf if you so desire.

(FAC, Exhibit 3; emphasis added.)

Defendant argues that while the DFEH complaint is dated November 30, 2002 in Plaintiff's handwriting, Plaintiff did not submit the form to DFEH until June 2, 2006, the date stamped on the form as received by DFEH.  Defendant points out that the November 25 letter from DFEH enclosed a complaint form for Plaintiff to complete, which Plaintiff acknowledges, and instructed Plaintiff that the complaint would be "served on the Respondent once you provide the form back."  Defendant maintains that Plaintiff did not return the form to DFEH until June 2006 and that is why the referenced right-to-sue letter was not issued by DFEH until August 17, 2006.  (FAC, Exhibit 8.)

While the Richardson and Gonzalez affidavits Plaintiff submits are disregarded, Plaintiff elaborates on his allegation regarding the date he filed his DFEH complaint with additional narrative.  He explains that, after returning the complaint form, he followed up with Mr. Gonzalez on December 6, 2002 by writing him a letter alleging that Fresno City College representatives

provided false information to him during his investigation of Plaintiff's complaint. Plaintiff attaches a copy of this letter as Exhibit 7 of his FAC. Plaintiff further alleges that he wrote to Mr. Gonzalez to update him about the College's administrative proceedings "on several subsequent occasions." (FAC at 10.) In spring 2006, Plaintiff asserts that he made several calls to Mr. Gonzalez to check on the status of his complaint and, when those calls went unreturned, contacted DFEH district administrator Geraldine Reyes. Ms. Reyes sent Plaintiff a notice of case closure and right-to-sue letter dated August 17, 2006. (FAC, Exhibit 8.)

Plaintiff's original complaint contained only a bare allegation that he had filed a DFEH complaint in November 2002 and attached only the right-to-sue notice he received from the EEOC in December 2006. In his FAC, Plaintiff asserts additional allegations and explains his purported submission of a DFEH complaint in November 2002 by attaching new documents in support of his claim. Plaintiff attaches documents from DFEH dated November 25, 2002 to his FAC that display a lack of clarity as to the date Plaintiff's DFEH complaint was filed, on the one hand stating the complaint was "accepted for filing purposes" and on the other hand stating DFEH "will file your complaint." (FAC, Exhibits 3 and 4.) In addition, Plaintiff's description of his attempts to contact DFEH many additional times raises the possibility of agency neglect or mishandling of Plaintiff's complaint. One explanation for the contradiction between the allegations and evidence Plaintiff presents and the DFEH complaint form date-stamped June 2, 2006 which has been

29

judicially noticed is that Plaintiff returned the form as he alleges in November 2002 and DFEH failed to process it until June 2006, perhaps misfiling or misplacing the form. It is also possible that, as Defendant maintains, Plaintiff signed and dated the form on November 30, 2002 but failed to actually submit it to DFEH until June 2006.

Defendant himself acknowledges the contradiction, arguing the November 25 notice is inconsistent with the June 2, 2006 complaint form marked "filed" and "received." (Doc. 53 at 3-4.) A question of fact exists as to when Plaintiff filed his complaint with DFEH, an issue central to resolving the question of whether Plaintiff's DFEH complaint is properly considered a constructive filing with the EEOC. "It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service*, 911 F.2d 242, 245 (9th Cir. 1990) (citing *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 212 (9th Cir. 1957)).

### c.  Equitable Tolling

In *Zipes*, the Supreme Court held that Title VII's timely filing requirement is subject to equitable tolling. 455 U.S. at 393. In employment discrimination cases, the Ninth Circuit has adopted a broad application of equitable tolling, consistent with the remedial purposes of the Title VII statutory scheme. *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir. 1986) (equitable tolling in this case is consistent with the remedial

purpose of Title VII); *EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 124 (1988) ("Title VII ... is a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process."). Equitable tolling in an employment discrimination case focuses on whether there is excusable delay by the plaintiff and does not depend on any wrongful conduct by the defendant. *See Santa Maria,* 202 F.3d at 1178; *Valenzuela,* 801 F.2d at 1174-75 (plaintiff demonstrated due diligence in pursuing her claim, albeit in the wrong forum, and the defendant was not prejudiced by the delay).

Plaintiff contends the Title VII timely filing period was tolled while DFEH processed his charge, which he asserts took almost four years - from November 2002 until August 2006. Equitable tolling of the Title VII limitations period has been applied where a Plaintiff filed a charge with a state administrative agency whose errors or delay caused the charge to be untimely filed with the EEOC. *Brown v. Crow*, 963 F.2d 895, 900 (6th Cir. 1992) (equitable tolling applied in a case where a worksharing agreement existed and state agency's bureaucratic confusion, error and resulting administrative tardiness caused the charge to be untimely filed with EEOC); *EEOC v. Bouzianis, Inc.*, No. RDB 06-2520, 2007 WL 2258898, at *5 (D. Md. Aug. 2, 2007) (equitable tolling applied to toll Title VII filing period where a former employee was diligent in filing a charge with state agency but through no fault of her own was subject to state agency delay)*; Sinacole v. iGate Capital*, No. 2:04cv0921, 2006 WL 3759744, at *10 (W.D. Pa. Dec. 19, 2006) (equitable tolling applied where oversights at state agency caused charge to be

filed with EEOC in untimely manner; charge was placed in state investigator's drawer and forgotten and after his departure, discovered and forwarded to EEOC).

Here it is unclear whether Plaintiff's delay in filing his charge with the EEOC until 2006 was excusable. At this stage, Plaintiff's allegations imply that DFEH may have made mistakes or caused undue delay in processing Plaintiff's charge. On the other hand, Defendant has presented judicially noticeable evidence that DFEH date-stamped Plaintiff's charge on June 2, 2006, implying he filed it on that day, which is outside the applicable Title VII 300-day time period. The Ninth Circuit has "reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). The applicability of equitable tolling "often depends on matters outside the pleadings" and thus "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Id*. at 1206. Accordingly, because equitable tolling is rarely resolved at the pleading stage, Plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.

    d.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's first amended complaint with respect to alleged retaliatory acts by Defendant prior to and including the date of termination is DENIED.

3.    **Post Termination Acts**.

Plaintiff alleges that Defendant has engaged in post-employment retaliation by disseminating negative information about his employment record to prospective employers, including San Joaquin Memorial High School, and the California Commission on Teacher Credentialing.  (FAC at 18.)  These acts are alleged to have taken place in December 2006 and after March 2007.  (*Id.*)  Defendant argues that since these alleged acts took place after Plaintiff filed his EEOC charge in November 2006, and thus were not included in Plaintiff's EEOC charge, Plaintiff has presented no new allegations in his FAC to demonstrate that the post-termination acts were reasonably related to Plaintiff's EEOC charge and so they are beyond the court's jurisdiction.

A former employee who receives a retaliatory negative job reference can state a claim for post-employment retaliation under Title VII.  *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997); *Hashimoto v. Dalton*, 118 F.3d 671, 676 (9th Cir. 1997).  The timely filing requirements prescribed by Title VII apply to such claims.  42 U.S.C. § 2000e-5.  Allegations of discrimination not included in the plaintiff's EEOC charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge."  *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (citations and internal quotation marks omitted).  A district court's jurisdiction extends to allegations that fall "within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination."  *Equal Employment*

*Opportunity Comm'n v. Farmer Brothers Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (emphasis in original; citations and internal quotation marks omitted).  In determining whether a plaintiff has exhausted allegations that were not specified in his administrative charge, the appropriate factors to consider include the alleged basis of the discrimination, dates of the discriminatory acts specified in the charge, perpetrators of discrimination named in the charge, and the extent to which the judicial claims are consistent with the Plaintiff's original theory of the case.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).

In his FAC, Plaintiff has not presented any new factual allegations with respect to his post-employment retaliation claims.  He asserts the same facts: that in and after December 2006, the District supplied negative information about his employment record to prospective employers and the California Commission on Teacher Credentialing.  Plaintiff alleges no new facts that would suggest the post-employment retaliation claims fall within the scope of the EEOC's actual investigation or could reasonably be expected to grow out of Plantiff's EEOC charge.  In his EEOC charge, Plaintiff alleged the District retaliated against him by firing him in January 2003 because he brought a complaint against his supervisor accusing her of sexual harassment and discrimination.  The post-employment retaliation claims Plaintiff asserts involve allegations that the District disseminated negative information about Plaintiff's employment record to prospective employers and the state teacher credentialing agency in and after December 2006.  Thus, the

analysis dismissing Plaintiff's post-termination claims that he asserted in his original complaint applies with equal force to the instant FAC:

> Here the alleged post-termination acts are not "reasonably related" to Plaintiff's original retaliation charges and are not a proper subject of this lawsuit. Plaintiff's original complaints to DFEH and EEOC alleged retaliation by the District resulting in Plaintiff's wrongful termination. The recent alleged acts concern interference with Plaintiff's prospective employment, an entirely different type of claim. The recent alleged acts could not have fallen within or be reasonably expected to fall within the scope of the EEOC's investigation, because they are factually distinct and temporally remote from the allegations in Plaintiff's EEOC complaint. Moreover, the alleged post-termination acts occurred in late 2006, more than three years after the retaliatory acts that are the subject of Plaintiff's original EEOC complaint. There is no jurisdiction over the post-termination retaliation allegations.

(Doc. 36 at 19-20.)

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's post-employment retaliation claims is GRANTED WITH PREJUDICE. These assertions shall not be realleged.


B.    **Defendant's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)**.

In the event its motion to dismiss is denied in whole or in part, Defendant moves to strike various portions of Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(f) as redundant, immaterial, impertinent and scandalous.

On page 3 of his FAC, Plaintiff references "two reasons for possibly dismissing Plaintiff's suit" from the January 17 order and argues "neither of these positions [in the court's ruling] has merit." As noted above, Plaintiff misconstrues and misunderstands a footnote from the January 17 order which

addressed a purported 42 U.S.C. § 1983 claim briefly mentioned by Plaintiff in his original complaint.  In his FAC, from page 3 to page 5, line 10, Plaintiff argues that the District is not immune to an employment discrimination suit under Title VII.  While this is an accurate statement of the law, immunity from suit under Title VII was not a subject of the January 17 order.  Plaintiff's argument is "immaterial" in that it "has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations and internal quotation marks omitted).  Moreover, as an attempt to take issue with the January 17 order, Plaintiff's argument is improper, even giving him the benefit of the doubt as a legally uninformed *pro se* litigant.

On page 18, lines 11 through 18, Plaintiff disagrees with the January 17 order, arguing he "sees no basis" for the ruling that interference with Plaintiff's prospective employment is a different type of claim than Plaintiff's retaliatory suspension and firing claim.  Plaintiff further challenges Defendant's failure "to enact any policies to prohibit other faculty from engaging in the lawful conduct that was the basis for Plaintiff's dismissal, or to take any steps to dismiss faculty who have been convicted of crimes rendering them morally unfit to serve as teachers."  (FAC at 18.)  Because these statements "do not pertain, and are not necessary, to the issues in question," they are "impertinent" under Fed. R. Civ. P. 12(f) and properly stricken.  *Fogerty*, 984 F.2d at 1527.

On page 25, Plaintiff launches into a character attack on the District's assistant vice chancellor for human resources, Mr.

Rowe:

> Mr. Rowe's utter contempt for students and disregard
> for the academic integrity of the educational process
> render him unfit to hold any position at an educational
> institution. On the other hand one can hardly expect
> more from a person who has no graduate degree in a
> subject related in any way to management of human
> resources, no previous experience as an administrator
> at any college or university, and no experience as an
> instructor at a college or university instructor. He
> was, though, a high school football coach so he should
> have some understanding of cutting from the squad (ergo
> dropping from the course) those people who don't attend
> practice, the action taken by the Plaintiff that seems
> to have elicited the most adverse response.

(FAC at 25, line 11-20.) This unnecessary diatribe needlessly
clutters the FAC and is "scandalous" under Fed. R. Civ. P. 12(f)
in that it "improperly casts a derogatory light on someone, most
typically on a party to the action." 5 Charles A. Wright &
Arthur R. Miller, Federal Practice and Procedure § 1382 (2006).
Thus, it is also properly stricken.

Defendant moves to strike a number of other portions of
Plaintiff's FAC. A review of these excerpts reveals allegations
describing Plaintiff's suspension and termination, the related
proceedings and administrative actions taken by the District, the
investigative report process and Plaintiff's challenges to it,
and Plaintiff's contact with DFEH. Defendant maintains that most
of these allegations pertain to Plaintiff's dismissed wrongful
termination claim and are therefore immaterial. But facts
related to Plaintiff's dismissal may be relevant in proving or
refuting Plaintiff's retaliation claim, as they may help
establish or rebut a causal link between Plaintiff's lodging of a
sexual harassment complaint against his supervisor and his
suspension and termination. *Davis v. Team Elec. Co.*, 520 F.3d

1080, 1093-94 (9th Cir. 2008) (Under Title VII, the "elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action.")  It is well established that motions to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

For the foregoing reasons, Defendant's motion to strike is GRANTED as to Plaintiff's FAC at: 1) page 3, line 1 through page 5, line 10, 2) page 18, line 11-18, and 3) page 25, line 11-20.

C.   <u>Defendant's Motion for Sanctions</u>.

Defendant seeks sanctions pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the court's inherent authority.  Defendant argues Plaintiff's FAC "simply rehashes the allegations from his initial Complaint, and fails to cure any of the deficiencies noted in the first motion to dismiss and order of dismissal." (Doc. 48 at 3.)

At the current pleading stage, the questions of fact that remain preclude an evaluation of whether sanctions are appropriate.  The new allegations and additional detail Plaintiff sets forth in his FAC contradict, or at least are inconsistent with, the judicially noticed DFEH discrimination charge that shows a date-stamp of June 2, 2006 upon which Defendant relies. At this point in the litigation, it is not possible to determine

whether Plaintiff's FAC is "frivolous" or filed for an "improper purpose" as required under Rule 11. Plaintiff as a non-attorney, even if he acted recklessly as required under 28 U.S.C. § 1927, cannot be sanctioned under that law. Whether Plaintiff has acted in bad faith, rather than from ignorance and overzealousness, such that imposing sanctions under the court's inherent authority is warranted, is not conclusively established.

For the foregoing reasons, Defendant's motion for sanctions is DENIED.

### V. <u>CONCLUSION</u>.

For the foregoing reasons, Defendant's:

> 1) motion to dismiss Plaintiff's first amended complaint with respect to alleged retaliatory acts by Defendant prior to and including the date of termination is DENIED;

> 2) motion to dismiss Plaintiff's post-employment retaliation claims is GRANTED WITHOUT LEAVE TO AMEND;

> 3) motion to strike is GRANTED as to Plaintiff's FAC at page 3, line 1 through page 5, line 10; page 18, line 11-18; and page 25, line 11-20;

> 4) motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: __March 31, 2009__          _____/s/ Oliver W. Wanger_____

**39**

UNITED STATES DISTRICT JUDGE