UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAUL DAVENPORT,<br><br>         Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE STATE CENTER COMMUNITY COLLEGE DISTRICT,<br><br>         Defendant. | 1:07-cv-00494-OWW-SMS<br><br>ORDER RE: REQUEST FOR SUPPLEMENTAL BRIEFING |

## I. INTRODUCTION.

The present dispute involves allegations of unlawful retaliation by Plaintiff David Paul Davenport ("Davenport") against his former employer, Defendant State Center Community College District (the "District"). Pending before the Court is Plaintiff's motion for reconsideration of the Court's Memorandum Decision granting the District's motion for summary judgment.

On August 23, 2010, the California Supreme Court decided *Murray v. Alaska Airlines, Inc.*, 50 Cal.4th 860, 237 P.3d 565, 114 Cal. Rptr. 3d 241 (2010), a case involving allegations of unlawful termination and retaliation by an airline employee against his

1

former employer.  Plaintiff filed his lawsuit in California state court and the airline subsequently removed on the basis of diversity jurisdiction.  The district court granted summary judgment to the airline based on collateral estoppel.  Plaintiff then appealed the ruling to the Ninth Circuit, 522 F.3d 920, which certified a question to the California Supreme Court on the issue of whether "adverse administrative findings may be given collateral estoppel effect in a subsequent court suit if the complainant against whom estoppel is being sought forfeited his right to such a hearing, resulting in the agency's findings becoming a final, nonappealable order by operation of law."  The California Supreme Court held that such administrative proceedings have preclusive effect, stating: "We conclude the Secretary's factual findings on the issue of causation, embodied in a final nonappealable order, should, under California law, be afforded preclusive effect in this subsequent court action between the same parties."

Here, if the California Supreme Court's decision in *Murray v. Alaska Airlines, Inc*. applies, then Plaintiff is precluded from advancing his Title VII claim against the District.  The parties have not briefed the issue of res judicata and/or collaterally estoppel specifically, nor have they analyzed the two seminal California "estoppel" cases, *Murray v. Alaska Airlines, Inc*. and *Takahashi v. Board of Education,* 202 Cal.App.3d 1464 (1988).  Without additional briefing on these issues, Plaintiff's motion for reconsideration cannot be decided.  Supplemental briefing is

**requested on the following issues:**[1]

    **1)   Do *Murray v. Alaska Airlines, Inc*. and *Takahashi v. Board of Education* control the facts of this case?  Specifically, in light of *Murray* and given that Plaintiff did not raise the issue of retaliation at his administrative hearing, is Plaintiff's retaliation claim barred under the doctrine of res judicata?**

    **Plaintiff David Paul Davenport may before 5:00 p.m. on October 6, 2010, submit supplemental briefing on these questions.  Any written opposition is due October 15, 2010.**

    IT IS SO ORDERED.

    Dated:   September 22, 2010          /s/ Oliver W. Wanger
                                                     UNITED STATES DISTRICT JUDGE

---

[1] The delineated questions are not exhaustive.  The parties are free to address any line of argument that supports their positions.